IN THE MATTER OF W. B. AMES, ATTORNEY AT LAW.

No. 3227

December 30, 1938.                    85 P. (2d) 1014.

No briefs were filed, but the matter was argued orally by: *Clyde D. Souter,* for Petitioner, and *R. K. Wittenberg,* for the State Bar of Nevada.

## OPINION

By the Court, COLEMAN, C. J.:

The local administrative committee of the state bar of Nevada, in and for district No. 5, on or about December 11, 1936, filed a complaint against W. B. Ames, an attorney at law, wherein it is averred, after alleging preliminary matter:

"That heretofore, to-wit, on or about October, 1936, with the intent then and thereby to solicit professional employment, said accused caused to be printed and distributed in a conspicuous place in a public place in Reno, Washoe County, Nevada, frequented by the general public, to-wit, the public lobby of the Ames Hotel, a large number of the professional cards of the accused, a full true and correct copy of which professional card is as follows:

"W. B. AMES,
"Attorney at Law
"Ames Hotel Building
"216 Sierra Street at Second
"Reno, Nevada."

that since said date it has been the intention of said accused that said professional cards should be made available to the general public and to persons with whom the accused was not in personal contact; and that in conformity with such intent, said professional cards were so made available and since said time have been so made available."

Mr. Ames, to whom we will hereafter refer as defendant, filed an answer, in which he specifically denied the charges alleged, and also set up rule II of the rules of professional conduct as originally adopted by the board of governors of the state bar of Nevada, and approved by the supreme court of Nevada, which reads as follows: "A member of the state bar shall not solicit professional employment by advertisement, or otherwise. This rule shall not apply to the publication or use of ordinary professional cards, or to conventional listings in legal directories."

The answer also pleads said rule II as amended pursuant to a resolution adopted by said bar on August 1, 1936, and approved by the supreme court on September 21, 1936, which reads: "A member of the state bar shall not solicit professional employment by advertisement, or otherwise. This rule shall not apply to conventional listings in legal directors, nor to the publication

or use of ordinary professional cards, but shall be construed to prohibit the circulation of such cards by making the same directly or indirectly available to others than the persons with whom the attorney is in personal contact."

The defendant further averred that he did not know of the said amendment until it was published in the early part of January 1937 in the Nevada State Bar Journal.

Upon the trial of the said charges, the defendant was found guilty, and it was recommended that he be suspended for three months and until the further order of this court.

In due time the defendant filed a petition in this court for a review.

These proceedings were initiated pursuant to the state bar act, approved January 31, 1928 (Stats. 1928, p. 13; sections 540 to 590 N. C. L.), and the rules adopted by virtue thereof by the state bar of Nevada, and approved by this court.

It is contended by the state bar that the acts of misconduct complained of are a violation of rule II of professional conduct, as amended on August 1, 1936.

Defendant, in addition to contending that he did not distribute professional cards as averred in the complaint, urges that the rule as amended did not take effect until its publication in the Bar Journal in January 1937—several weeks after the alleged commission of the acts charged. It is further insisted that the evidence does not show a breach of the rule in question.

The defendant testified that he did not know of the amendment of rule II, in question, until it appeared in the Bar Journal for January 1937. He also testified that so far as he knew, the rule, as amended, had not been published prior to that time. He also testified that he had not caused to be distributed in a public place his professional cards; that on one occasion a patron of his hotel asked a clerk for one of his cards; and that

when the clerk approached him to get a card, he got some cards, gave one to the clerk, and placed a rubber band around the others and put them in a tray on the telephone stand in the lobby of the hotel; that he had at no time prior thereto had any cards around, and that so far as he knew none of the cards he placed in the tray had been given out, and that he put them there in case one might be called for.

The clerk testified to substantially the same state of facts. He testified further that when he asked Mr. Ames for a card, he was told by him that he did not know where they were and that he had to look for them; that he had never seen any of defendant's cards on the desk in the hotel.

None of the testimony on the part of the defendant was denied or contradicted by any witness.

Section 29 of the state bar act, section 568 N. C. L., reads: "The rules and regulations adopted by the board when approved by the supreme court shall be binding upon all members of the state bar and the wilful breach of any of such rules shall be punishable by suspension from the practice of law for a period not to exceed one year."

From the uncontradicted testimony it appears that rule II as amended August 21, 1936, was not published until in January 1937, quite a while after the alleged commission of the offense. Section 8377 N. C. L., authorizes the supreme court to adopt rules which shall be effective only after publication.

In view of the law just mentioned relative to the adoption and publication of rules by this court, it is clear from the uncontradicted testimony that defendant was not guilty of the charge.

It is ordered that the findings, conclusions and recommendations of the local administrative committee and of the board of governors be and the same are hereby annulled and set aside, and that the proceedings be dismissed.